IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

OUTDOOR BY DESIGN, LLC,

                Plaintiff,                OPINION AND ORDER

v.                                                       19-cv-857-wmc

2ND SHADE, LLC,

                Defendant.

---

In this civil action, plaintiff Outdoor By Design LLC ("OBD") alleges violations of Wisconsin and Minnesota state law by defendant 2nd Shade, LLC. In bringing this claim, plaintiff has invoked this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Because the allegations in the complaint are insufficient to determine whether federal jurisdiction actually exists, plaintiff will be given an opportunity to file an amended complaint containing the necessary allegations.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

Under 28 U.S.C. § 1332, diversity jurisdiction is present where the matter in

controversy exceeds the sum or value of $75,000 and complete diversity between the parties exists. Here, plaintiff has properly alleged the amount in controversy, but has not alleged sufficient information to determine whether diversity between the parties exists. Specifically, plaintiff has alleged that it is a "Wisconsin limited liability company, in good standing in the State of Wisconsin, with its principle place of business at 6264 Nesbitt Rd, Fitchburg, WI 53719." (Compl. (dkt. #1) ¶ 1.) And it has alleged that defendant "2nd Shade, LLC is a Minnesota limited liability company, with its principle place of business at 14262 Trace Ridge Rd, Wayzata, MN 55391. 2nd Shade's registered agent is Richard Enrico." (*Id.* ¶ 2.)

These allegations are insufficient to establish that the parties are citizens of different states. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Here, both parties are LLCs. As such, plaintiff's allegations regarding the parties' principle places of business and places of incorporation are irrelevant to determining the citizenship of the parties. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) ("The notice of removal therefore gave two pieces of irrelevant information about Aurora (the state of its principal place of business and that it was a Delaware company) while failing to provide the information critical to determining its citizenship: the citizenship of its members.").

Before dismissing this action for lack of jurisdiction, plaintiff will be given leave to file an amended complaint which establishes diversity jurisdiction by alleging the names and citizenship of each member of both parties. In alleging the LLC's citizenship, plaintiff

2

should be aware that if any members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the individual citizenship of each of those members and partners must also be alleged as well: "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

ORDER

IT IS ORDERED that:

1) plaintiff shall have until November 21, 2019, to file and serve an amended complaint containing good faith allegations sufficient to establish federal jurisdiction; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 7th day of November, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge